**Peter LOPEZ, Plaintiff–Appellant,**

v.

**Robert A. KIRKPATRICK, Superinten-
dent Wende Correctional Facility,
et al., Defendants–Appellees.**

No. 11–1537.

United States Court of Appeals,
Second Circuit.

Dec. 13, 2012.

Peter Lopez, pro se, Sullivan Correc-
tional Facility, Fallsburg, NY.

Barbara D. Underwood, Solicitor Gener-
al, Denise A. Hartman, Kate H. Nepveu,
Assistant Solicitors General, Of Counsel,
for Eric T. Schneiderman, Attorney Gen-
eral of the State of New York, Albany,
NY, for Appellees.

Present: DENNIS JACOBS, Chief
Judge, RALPH K. WINTER and SUSAN
L. CARNEY, Circuit Judges.

**UPON DUE CONSIDERATION,** it is
hereby **ORDERED, ADJUDGED, AND
DECREED** that the district court's March
31, 2011 judgment is **AFFIRMED.**

Appellant Peter Lopez, *pro se,* appeals
from the district court's March 31, 2011
judgment granting the appellees' motion
for summary judgment and dismissing his
second amended complaint alleging viola-
tions of the Americans with Disabilities
Act, 29 U.S.C. §§ 12101 *et seq.* ("ADA"),
Section 504 of the Rehabilitation Act of
1973, 29 U.S.C. §§ 799 *et seq.*, the Eighth
and Fourteenth Amendments, and New
York State Human Rights Law, N.Y.
Exec. L. §§ 296 *et seq.* We assume the
parties' familiarity with the underlying
facts, procedural history, and issues on
appeal.

We review an order granting summary
judgment *de novo* and focus on whether
the district court properly concluded that
there were no genuine issues as to any
material fact and that the moving party
was entitled to judgment as a matter of
law. *See Miller v. Wolpoff & Abramson,
L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003). In
determining whether there are genuine is-
sues of material fact, this Court is "re-
quired to resolve all ambiguities and draw
all permissible factual inferences in favor
of the party against whom summary judg-
ment is sought." *Terry v. Ashcroft,* 336
F.3d 128, 137 (2d Cir.2003) (internal quota-
tions omitted). However, reliance upon
conclusory statements or mere allegations
is not sufficient to defeat a summary judg-
ment motion. *See Ying Jing Gan v. City
of New York,* 996 F.2d 522, 532 (2d Cir.
1993); Fed R. Civ. P. 56(e). This Court
will only affirm the dismissal of a claim on
summary judgment if "it appears beyond
doubt that the plaintiff can prove no set of
facts in support of [his] claim which would

entitle [him] to relief." *Terry*, 336 F.3d at 137 (internal quotation omitted).

Here, an independent review of the record and the relevant case law reveals that, for substantially the same reasons stated in the magistrate judge's well-reasoned March 30, 2011 decision, the magistrate judge properly granted the Defendants' summary judgment motion. Lopez's primary contention is that the Defendants failed to reasonably accommodate his visual impairment[1] while confined in the special housing unit for assaulting another inmate. He argues that he was denied access to visual aids and that he was forced to rely on the help of other inmates to perform necessary tasks. The magistrate judge erred, according to Lopez, by failing to consider affidavits by two inmates who stated that they assisted Lopez in reading legal mail, filling out prison-account forms, and preparing a challenge to his state court conviction.

We disagree. The magistrate judge properly found that Lopez's proposed accommodations posed a security risk. "[F]ederal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment ... especially ... in the fine-tuning of the ordinary incidents of prison life[.]" *Sandin v. Conner*, 515 U.S. 472, 482, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

Lopez argues that the magistrate judge erred in failing to credit the affidavit of Cynthia Flowers, a former civilian employee of the Department of Corrections and Community Supervision assigned to assist vision-impaired inmates, which stated that she advised the Defendants to return, *inter alia*, a typewriter, reading scanner, and talking dictionary to Lopez. However, Flowers's affidavit did not create a material issue of fact regarding whether the Defendants failed to reasonably accommodate

Lopez's disability. Lopez does not dispute that the Defendants provided him with several visual aids, including pens for the visually impaired, large-print materials, an electric magnifier, and the assistance of an Instructor of the Blind who offers writing services to visually impaired inmates. The failure to provide Lopez with the specific accommodations of his choosing does not violate the ADA or the Rehabilitation Act.

Finding no merit in Lopez's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

---

1. The Defendants do not dispute that Lopez's impairment constitutes a disability under the ADA and Section 504 of the Rehabilitation Act.